**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROGER T. KIDNEIGH,        )<br>                                               )<br>            Plaintiff,            )<br>                                               )<br>vs.                                        )<br>                                               )<br>TOURNAMENT ONE CORPORATION, )<br>                                               )<br>            Defendant.         )<br>_____) | Case No.  2:12-cv-02209-APG-CWH<br><br>**ORDER** |

  This matter is before the Court on Defendant Tournament One Corporation's Motion for Temporary Stay of Discovery Pending Resolution of Defendant's Motion to Compel Arbitration and Motion to Dismiss or Alternative Motion to Stay During Pendency of Arbitration (#13), filed on April 8, 2013.  The Court also considered Plaintiff's Response (#13), filed on April 12, 2013, and Defendant's Reply (#15), filed on April 22, 2013.

**BACKGROUND**

  On December 31, 2012, Defendant Tournament One Corporation filed a Petition for Removal from State Court, which included a Motion to Compel Arbitration and Motion to Dismiss or Alternative Motion to Stay During Pendency of Arbitration (#1).  Subsequently, Defendant filed the instant motion requesting a stay of discovery until the aforementioned motion is decided.  In doing so, Defendant argues that staying discovery until jurisdiction and venue issues are decided is appropriate because they could result in all of Plaintiff's claims being compelled to arbitration.  Also, Defendant asserts that it should not be required to engage in expensive and time consuming discovery as jurisdiction and venue determinations should be made at the earliest stages of litigation.  In response, Plaintiff contends that the arbitration agreement at issue in this case is both procedurally and substantively unconscionable.  Also, Plaintiff asserts that the minimal discovery requirements at this state of the case do not pose a significant burden, but rather, discovery may

assist Plaintiff in preparing for the next stage of the case, whether it be litigation or arbitration.

## DISCUSSION

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*). Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner*, 175 F.R.D. at 555-56 (*quoting Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. Common examples of situations in which good cause has been found are when jurisdiction, venue, or immunity are preliminary issues. *Id*.

On the other hand, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See, e.g., Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d 378, 383

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

1  (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the
2  discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan*,
3  833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying
4  discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v.*
5  *Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action
6  cannot be determined in some cases without discovery, and to deny discovery in such cases is an
7  abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (stating
8  that the better and more advisable practice is for the district court to allow litigants an opportunity
9  to present evidence concerning whether a class action is maintainable, and such an opportunity
10 requires "enough discovery to obtain the material").

11  In evaluating the propriety of an order staying or limiting discovery while a dispositive
12 motion is pending, this Court considers the goal of Federal Rule of Civil Procedure 1, which
13 provides that the Rules shall "be construed and administered to secure the just, speedy, and
14 inexpensive determination of every action." *Id.* Discovery is expensive. This Court is persuaded
15 that the standard enunciated by Judges Reed and Hunt in *Twin City*, 124 F.R.D. 652, and *Turner*,
16 175 F.R.D. 554, should apply in evaluating whether a stay of discovery is appropriate while a
17 dispositive motion is pending. With Rule 1 as its prime directive, this court must decide whether it
18 is more just to speed the parties along in discovery while a dispositive motion is pending or to delay
19 discovery to accomplish the inexpensive determination of the case.

20  The Court finds that the Defendant has made the strong showing necessary to support the
21 requested stay. The issues before the Court in the pending dispositive motion do not require further
22 discovery and are potentially dispositive of the entire case. Indeed, Defendant stresses the
23 importance of resolving jurisdiction and venue questions at the earliest possible stage in litigation.
24 Moreover, Defendant indicates that the American Arbitration Association issued a determination
25 on April 17, 2013 finding that the appropriate locale for arbitration is Stamford, Connecticut, rather
26 than Las Vegas, Nevada. The Court finds that, similar to the situation in *Little v. City of Seattle*,
27 863 F.2d 681 (9th Cir. 1988), this is a case where a temporary stay of discovery will further the
28 goals of judicial economy and control of the Court's docket. The Court notes that the Motion to

Compel Arbitration and Motion to Dismiss or Alternatively Motion to Stay is fully briefed. Neither party asserted the need for additional discovery prior to the Court's determination. Additionally, the Court has an interest in controlling its docket and finds that requiring the parties to commence with the discovery period is not warranted at this time.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Tournament One Corporation's Motion for Temporary Stay of Discovery Pending Resolution of Defendant's Motion to Compel Arbitration and Motion to Dismiss or Alternative Motion to Stay During Pendency of Arbitration (#13) is **granted**.

DATED this 1st day of May, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**