UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROGER T. KIDNEIGH,<br><br>                       Plaintiff,<br><br>v.<br><br>TOURNAMENT ONE CORPORATION, et al.,<br><br>                       Defendants. | Case No. 2:12-cv-02209-APG-CWH<br><br>**ORDER**<br><br>(Def.'s Motion to Compel Arbitration/Motion to Dismiss – dkt. no. 9-1) |

**I.   SUMMARY**

Before the Court is Defendant Tournament One Corporation's ("Tournament One") Motion to Compel Arbitration and Dismiss the Complaint, or alternatively stay the case pending arbitration. (Dkt. no. 9-1.) The Court also has considered Plaintiff's Opposition (dkt. no. 7) and Defendant's Reply. (Dkt. no. 9.) For the reasons discussed below, the motion is granted.

**II.   BACKGROUND**

This case arises out of an alleged breach of an employment contract. Defendant Tournament One hired Plaintiff Roger T. Kidneigh ("Kidneigh") pursuant to an Executive Employment Agreement ("Agreement"). The Agreement contained a Connecticut choice of law clause and an arbitration clause. After Tournament One allegedly did not pay Kidneigh according to the terms of the Agreement, Kidneigh sued Tournament One in the Eighth Judicial District Court of Clark County Nevada. The Complaint alleges breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, declaratory relief, and statutory claims

under NRS § 608.040 and § 608.195. Kidneigh did not make any demands for arbitration or file any papers to initiate an arbitration proceeding.

Thereafter, Tournament One timely filed a Motion to Compel Arbitration and removed the case to this Court pursuant to diversity jurisdiction. Kidneigh opposes the Motion to Compel, challenging the validity and enforceability of the arbitration clause. Kidneigh argues the arbitration clause is unconscionable and, thus, cannot be enforced.

## III. DISCUSSION

Although the Federal Arbitration Act ("FAA") governs the substantive law of arbitrability, federal courts apply state law to determine the "validity, revocability, and enforceability of contracts generally," including whether the arbitration clause is unconscionable. *See Perry v. Thomas*, 482 U.S. 482, 493 at fn. 9 (1987); *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1219 (9th Cir. 2008).

The Agreement includes a Connecticut choice of law provision. Kidneigh argues the choice of law provision is ambiguous and contradictory. Thus, Kidneigh urges the Court to engage in a conflict of law analysis and determine Nevada law applies. However, Kidneigh's argument is specious for two reasons. First, the contract clearly states Connecticut law governs; it is not ambiguous or contradictory. Second, there is no practical conflict as Nevada and Connecticut use the same test to determine unconscionability. Both Nevada and Connecticut require a showing that the contract was both procedurally and substantively unconscionable when made. *See Bender v. Bender*, 975 A.2d 636, 658 (Conn. 2009); *D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162 (Nev. 2004).

"Unconscionability is a question of law to be determined by the court in light of all the facts and circumstances of the case." *Edart Truck Rental Corp. v. B. Swirsky and Co., Inc.*, 579 A.2d 13, 142 (Conn.App. 1990). Unconscionability requires a showing of unfair surprise and oppression. *Emlee Equip. Leasing Corp. v. Waterbury Transmission, Inc.*, 626 A.2d 307, 312 fn. 12 (Conn.App. 1993). Thus, unconscionability generally requires a demonstration of "an absence

of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Id.*

### A. Procedural Unconscionability

Unfair surprise, or procedural unconscionability, relates to improprieties in the bargaining and contract formation processes. *Id.* However, "procedural unconscionability cannot be predicated solely on the failure by a commercial party proffering a form contract to an individual party to direct the individual's attention to specific terms of a contractual agreement." *Smith v. Mitsubishi Motors Credit of Am., Inc.*, 721 A.2d 1187, 1192 (Conn. 1998). Instead, the Court should consider the manner in which the contract was entered, determining whether each party to the contract, considering his education, had a reasonable opportunity to understand the terms of the contract. *See Emlee*, 626 A.2d at 312 (*citing Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C. Cir. 1965)). The Court also should consider whether the important terms were hidden in a maze of fine print and minimized by deceptive practices. *Id.*

Kidneigh argues that the arbitration clause was procedurally unconscionable because the term was not set off on the page and failed to put Kidneigh on notice that he was waiving important rights. Kidneigh's arguments are unavailing. First, contrary to Kidneigh's assertion, the arbitration clause was not in "fine print or complicated." Instead, the clause is in the same font as other contract provisions, has a heading like other provisions, and is on the same page as the signature line. The clause was not hidden in a maze of fine print or minimized by deceptive practices.[1] Second, contrary to Kidneigh's assertion, the provision is not "incomplete or misleading." Its meaning is apparent from a plain reading of its language. Moreover, not only is Kidneigh a sophisticated executive with considerable education, he has not alleged that Tournament One failed to direct his attention to the specific arbitration clause, that he did not read the clause, or that he misunderstood the clause.

---

[1] The Court rejects Kidneigh's contention that *D.R. Horton* has any application to the instant case. Not only is it a Nevada case, which the Court has already found to be inapplicable, it also is factually dissimilar.

3

Thus, the Court finds that the arbitration clause presents no unfair surprise, there were no improprieties in the bargaining or contract formation processes, and the arbitration clause is not procedurally unconscionable.

### B. Substantive Unconscionability

Oppression, or substantive unconscionability, relates to overly harsh contract terms. *Id.* at 312. The Court must consider whether the individual clause or the cumulative effect of multiple clauses "was so one-sided and oppressive as to be unconscionable." *Id.* at 313.

Kidneigh argues the arbitration clause is substantively unconscionable because arbitration places a significant financial burden (nearly $6,000.00 to file a claim) on Kidneigh, effectively barring him from vindicating his rights in the arbitral forum. Initially, the Court notes that Tournament One has already filed an arbitration claim in Connecticut; thus, Kidneigh's fees to file a counterclaim may be lessened. Regardless, the $6,000.00 estimated cost to file an arbitration claim does not constitute such a high financial burden to qualify as a barrier to relief or substantive unconscionability. Similarly, the requirement to arbitrate in Connecticut is not unconscionable because the parties agreed to that forum in the contract and the contract allows for a different forum "agreed to by the [parties]."

Additionally, Kidneigh argues because the clause exempts injunctive relief, this claim is only of value to Defendant, and therefore the clause is one-sided. The Court disagrees. The provision that equitable relief can be obtained from a court, rather than from an arbitration tribunal, is fairly standard and not substantively unconscionable. Furthermore, even if the injunctive relief claim is, as Kidneigh argues, "attractive to Tournament One, but has little value to the employee," the clause is not so one-sided so as to render it unconscionable. Not only does the arbitration clause apply to each party equally, but the cumulative effect of the contract is balanced. Kidneigh was a highly compensated executive who was able to negotiate his salary and, presumably, other contract terms. Indeed, many terms of the agreement, including those of pay and termination, point to Kidneigh's advantage and the lack of one-sidedness. Thus, the arbitration provision is not substantively unconscionable.

4

1    Therefore, as the arbitration clause is both procedurally and substantively conscionable,
2    the Court compels arbitration.

### C. Dismissal/Staying of the Case

Tournament One seeks to dismiss this case for lack of subject matter jurisdiction, or alternatively to stay the case pending arbitration. Plaintiff argues that at least some of the claims, i.e. state statutory claims, are not subject to the arbitration agreement and should not be dismissed or stayed. The Court finds that the language of the arbitration clause is broad and encompasses all the claims asserted in Plaintiff's Complaint,[2] including the statutory claims under NRS § 608.040 and § 608.140. Therefore, all claims are subject to dismissal or stay.

Pursuant to 9 U.S.C. § 3, the Court stays this case pending conclusion of the arbitration.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Tournament One Corporation's Motion to Compel Arbitration is GRANTED.  The case is stayed pending arbitration. The parties are ordered to appear in court for a status check on **May 21, 2014 at 9:00 a.m.**  In lieu of appearing at that time, the parties may file a joint status report informing the Court of the progress or outcome of the arbitration proceeding no later than **noon on May 19, 2014.**

DATED THIS 21st day of May 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] The Agreement provides the arbitration clause applies to "[a]ny controversy or claim arising out of or relating to this Employment Agreement or any transactions provided for herein."